# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

140484

ROBERT M. O'BRIEN,
        Petitioner-Appellant,

v

PUBLIC SCHOOL EMPLOYEES'
RETIREMENT BOARD,
        Respondent-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140484
COA: 294388
Ingham CC: 09-000186-AA

On order of the Court, the application for leave to appeal the December 21, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*).

I concur in the Court's decision to deny the application for leave to appeal. I write to express my shock and disbelief at the salary of petitioner Robert M. O'Brien as a school superintendent, to urge legislative attention to the statutory scheme that gave rise to this expenditure, and to alert the public to this use of its tax dollars.

Petitioner was a Huron Valley School District superintendent from 1998 until his retirement in 2006. Petitioner made regular contributions to the Public Employees Retirement Fund during that time. This case concerns petitioner's dispute with respondent Public School Employees' Retirement Board over the amount of his remuneration that may be considered "compensation" under the public school employees retirement act of 1979, MCL 38.1301, *et seq*., for purposes of determining his monthly pension benefit. An employee's retirement benefit is calculated based on his "final average compensation," which is an average of the employee's reportable "compensation" for the 36 consecutive months during which the employee had the highest compensation. MCL 38.1304(12). Petitioner contests the final average compensation calculated by the Office of Retirement Services. Petitioner appealed to the Michigan Public Schools Retirement Board (Board), which denied his request that his retirement allowance be increased from $8,346.92 per month to $15,601.95 per month. The circuit court affirmed. The Court of Appeals denied leave to appeal. *O'Brien v*

*Public School Employees' Retirement Board*, unpublished order of the Court of Appeals issued December 21, 2009 (Docket No. 294388).

Petitioner now seeks leave to appeal to this Court, claiming that respondent erred in several respects in calculating the final average compensation used to determine his retirement benefits and that certain terms used in the retirement act are unconstitutionally vague. I agree with the Court's decision to deny leave to appeal. I write separately to express my amazement at the amount petitioner was compensated for serving as a public employee and to draw legislative and public attention to these alarming facts. Given the considerable concern over public expenditures in the current economic climate, I believe the facts of this case signal a need for legislative scrutiny.

For the year ending June 30, 2001, petitioner earned a total of $158,911.00. For the year ending June 30, 2006, petitioner earned a total of $418,965.00. The chart below shows petitioner's compensation from 2001 to 2006:

| Year Ending June 30 | Total Remuneration |
| --- | --- |
| 2001 | 158,911.00 |
| 2002 | 244,726.00 |
| 2003 | 328,902.00 |
| 2004 | 356,662.00 |
| 2005 | 388,121.00 |
| 2006 | 418,965.00 |

According to the Board's Decision and Order, December 11, 2008 (Docket No. 2008-221 PSRS) at 15-16, the $418,965.00 petitioner received in 2006 included:

- $154,181.00 as a gross salary;
- $24,500.00 as deferred compensation;
- $17,369.07 for days worked beyond allotted vacation and personal days;
- $20,101.00 for reimbursement for contributions to the Member Investment Plan;
- $114,111.86 for the purchase of two years service credit by Huron Valley School District or the equal cost of an investment by

petitioner;[1]
- $30,836.20 for merit pay;
- $57,839.04 for longevity.

These amounts are eye-popping. I question which individuals and bodies are responsible for this use of tax dollars and whether the legislature and the public are aware that this is happening.

---

[1] The Board's opinion explains this component of petitioner's compensation as follows:

> The Act provides for a MPSERS [Michigan Public School Employee Retirement System] member to purchase service credit. MCL 38.1369f[.] The member's annual retirement benefit amount increases with an increase in the amount of service time, and a member may expand his service time by purchasing service credit. In this matter, the Petitioner's employment contracts stated that Huron Valley would purchase:
>
>> . . . retirement credit in MSPERS for the SUPERINTENDENT'S benefit . . . or at the SUPERINTENDENT'S election, pay the cost of such year into an investment of the SUPERINTENDENT'S choice. [*Id.* at 23.]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

0601

Clerk